IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MACKENZIE SHRUM, a minor by her father and next friend, Jarrod Shrum | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. 14-cv-03135 |
| BIG LOTS STORES, INC., LOHIA GROUP OF INDUSTRIES a/k/a LOHIA BUSINESS GROUP a/k/a LOHIA GROUP DESIGNCO OVERSEAS PRIVATE LIMITED a/k/a DESIGNCO INDIA d/b/a DESIGNCO, and BUREAU VERITAS CONSUMER PRODUCTS SERVICES, INC., | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**BIG LOTS STORES, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED COMPLAINT**

Now comes Defendant BIG LOTS STORES, INC. ("Big Lots"), by and through its attorneys, WALKER WILCOX MATOUSEK LLP, and in answer to Plaintiff's Amended Complaint, states as follows:

**PARTIES**

1. MACKENZIE SHRUM is a resident and citizen of the State of Illinois.

**ANSWER:** **Big Lots has insufficient knowledge to form a believe as to the truth or falsity of the allegations contained in paragraph 1 of Plaintiff's Amended Complaint at Law and therefore neither admits nor denies same but demands strict proof thereof.**

2. Defendant BIG LOTS STORES, INC. ("BIG LOTS") is a corporation operated for the purposes of the accumulating monetary profit that is organized under the laws of the State of Ohio and has its headquarters and principal place of business in the State of Ohio, and which owns

and operates a store in Sangamon County, Illinois and which does business in a systematic and continuous manner throughout the state of Illinois and the Central District of Illinois. BIG LOTS' registered agent in Illinois is at 801 Adlai Stevenson Drive, Springfield, Sangamon County, Illinois.

**ANSWER:** **Big Lots admits the allegations contained in paragraph 2 of Plaintiff's Amended Complaint at Law.**

3. Defendant LOHIA GROUP OF INDUSTRIES a/k/a LOHIA BUSINESS GROUP a/k/a LOHIA GROUP ("LOHIA GROUP"), is a foreign corporation operated for the purposes of accumulating monetary profit and which does business in a systematic and continuous manner throughout the State of Illinois and the Central District of Illinois, but that does not maintain an agent for services of process in the State of Illinois. On information and belief LOHIA GROUP is incorporated in India, and its principal place of business is H-193 Sector 63 Noida 201309, Uttar Pradesh, India.

**ANSWER:** **Big Lots has insufficient knowledge to form a believe as to the truth or falsity of the allegations contained in paragraph 3 of Plaintiff's Amended Complaint at Law and therefore neither admits nor denies same but demands strict proof thereof.**

4. Defendant DESIGNCO OVERSEAS PRIVATE LIMITED a/k/a DESIGNCO INDIA d/b/a DESIGNCO ("DESIGNCO OVERSEAS"), is a foreign corporation operated for the purposes of accumulating monetary profit and which does business in a systematic and continuous manner throughout the State of Illinois and the Central District of Illinois, but that does not maintain an agent for service of process in the State of Illinois. On information and belief DESIGNCO OVERSEAS is incorporated in India, and its principal place of business is Village Lakri Fazalpur Industrial Estate Delhi Road Moradabad, India.

**ANSWER:** **Big Lots has insufficient knowledge to form a believe as to the truth or falsity of the allegations contained in paragraph 4 of Plaintiff's Amended Complaint**

at Law and therefore neither admits nor denies same but demands strict proof thereof.

5. Defendant BUREAU VUERITAS CONSUMER PRODUCTS SERVICES, INC., ("BUREAU VERITAS") is a corporation operated for the purposes of accumulating monetary profit, that is organized under the laws of the State of Massachusetts and has its headquarters and principal place of business in the State of New York, but which does business in a systematic and continuous manner throughout the State of Illinois and the Central District of Illinois. BUREAU VERITAS' registered agent in Illinois is at 208 S. LaSalle St., Suite 814, Chicago, Illinois.

**ANSWER:** **Big Lots has insufficient knowledge to form a believe as to the truth or falsity of the allegations contained in paragraph 5 of Plaintiff's Amended Complaint at Law and therefore neither admits nor denies same but demands strict proof thereof.**

## JURISDICTION & VENUES

6. This court has diversity jurisdiction over this matter pursuant to 28 U.S.C § 1332(a)(1). Plaintiff and defendants do not share a state of citizenship, and MACKENZIE SHRUM sues for legal damages greatly in excess of $75,000.00, the minimum jurisdictional amount of this Court.

**ANSWER:** **The allegations contained in paragraph 6 of Plaintiff's Amended Complaint at Law assert a legal conclusion and therefore no answer is required. To the extent an answer is required, Big Lots denies the allegations contained in paragraph 6 of Plaintiff's Amended Complaint at Law.**

7. Venue in the Central District of Illinois is proper pursuant to 28 U.S.C. § 1391(a)(2), as a substantial part of the events or omissions giving rise to this claim occurred in this District. In particular, the vast majority of MACKENZIE SHRUM's medical treatment was in Springfield, Illinois in the Central District of Illinois.

**ANSWER:** **The allegations contained in paragraph 7 of Plaintiff's Amended Complaint at Law assert a legal conclusion and therefore no answer is required. To the**

**extent an answer is required, Big Lots denies the allegations contained in paragraph 6 of Plaintiff's Amended Complaint at Law.**

## FACTUAL BACKGROUND

8. BIG LOTS is a retail store chain operating throughout Illinois and the United States.

**ANSWER: Big Lots admits the allegations contained in paragraph 8 of Plaintiff's Amended Complaint at Law.**

9. LOHIA GROUP and DESIGNCO OVERSEAS (together, "DESIGNCO") are large-scale manufacturers and suppliers of countless items consumed throughout Illinois and the United States. DESIGNCO's products are supplied to and sold by retailers across the nation, including but not limited to: Bed Bath & Beyond, Bombay Furniture, Costco Wholesale, J.C. Penny, Lowe's, K-Mart, Kohl's, Pier-1 Imports, Sam's Club, Sears, Target, Wal-Mart, Yankee Candle, and BIG LOTS.

**ANSWER: Big Lots admits that DESIGNCO has supplied products to Big Lots. Big Lots has insufficient knowledge to form a believe as to the truth or falsity of the remaining allegations contained in paragraph 9 of Plaintiff's Amended Complaint at Law and therefore neither admits nor denies same but demands strict proof thereof.**

10. BUREAU VERITAS is a corporation providing services for safety testing and legal compliance for products related to their manufacture or import into the United States.

**ANSWER: Big Lots admits the allegations contained in paragraph 10 of Plaintiff's Amended Complaint at Law.**

11. On April 29, 2013 Jarrod Shrum purchased a Mosaic Glass Tabletop Torch (hereinafter "Torch") and citronella fuel from BIG LOTS.

**ANSWER: Big Lots has insufficient knowledge to form a believe as to the truth or falsity of the allegations contained in paragraph 11 of Plaintiff's Amended Complaint at Law and therefore neither admits nor denies same but demands strict proof thereof.**

12. Upon information and belief, the Torch was designed, manufactured, labeled, supplied, and distributed by DESIGNCO; tested for safety and compliance prior to its labeling, marketing, importation, distribution, sale, and resale by BUREAU VERITAS; and purchased for resale, labeled, marketed , distributed and sold by BIG LOTS.

**ANSWER:** **Big Lots has insufficient knowledge to form a believe as to the truth or falsity of the allegations contained in paragraph 12 of Plaintiff's Amended Complaint at Law and therefore neither admits nor denies same but demands strict proof thereof.**

13. BIG LOTS, DESIGNCO, and BUREAU VERITAS, through their acts/omissions, contractual relationships, and business dealings, were thus jointly responsible for the design, manufacture, marketing, testing, labeling, distribution, and sale of the Torch. Demonstrating this special relationship are the facts that: (a) BUREAU VERITAS maintains employees and offices within BIG LOTS facilities on a permanent basis; (b) BUREAU VERITAS is designated as BIG LOTS' testing agent of choice in its Import Vendor Manual 2.7; (c) BIG LOTS specifically informs vendors that, if a product fails testing, the vendor must make corrections and/or submit additional samples for testing; and (d) BUREAU VERITAS is required by BIG LOTS to adhere to specific testing timelines. As such, although BUREAU VERITAS markets and holds itself out as an independent products tester, it has abdicated its independence and serves as an agent of BIG LOTS and vendor DESIGNCO. BIG LOTS, DESIGNCO, and BUREAU VERITAS' contractual relationships and business dealings thus serve to make each reliant upon the representations made by one another and render each jointly responsible for their acts and omissions.

**ANSWER:** **Big Lots denies the allegations contained in paragraph 13 of Plaintiff's Amended Complaint at Law.**

14. On or about May 18, 2013 Jarrod Shrum put the recommended citronella fuel into the Torch, and lit it.

**ANSWER:** **Big Lots has insufficient knowledge to form a believe as to the truth or falsity of the allegations contained in paragraph 14 of Plaintiff's Amended Complaint at Law and therefore neither admits nor denies same but demands strict proof thereof.**

15. Because the Torch lacked an extinguishing cap, on May 18, 2013 MACKENZIE SHRUM attempted to extinguish the flame by blowing on the wick.

**ANSWER:** **Big Lots has insufficient knowledge to form a believe as to the truth or falsity of the allegations contained in paragraph 15 of Plaintiff's Amended Complaint at Law and therefore neither admits nor denies same but demands strict proof thereof.**

16. Suddenly, and without warning, the flame flared and the torch exploded covering MACKENZIE SHRUM with burning fuel.

**ANSWER:** **Big Lots has insufficient knowledge to form a believe as to the truth or falsity of the allegations contained in paragraph 16 of Plaintiff's Amended Complaint at Law and therefore neither admits nor denies same but demands strict proof thereof.**

17. On that date MACKENZIE SHRUM was life-flighted to the burn unit at St. John's Hospital in Springfield, Illinois where she underwent multiple surgical procedures for third degree burns to 40% of her total body surface area, with burns to her left hand, left arm, left torso, face and neck.

**ANSWER:** **Big Lots has insufficient knowledge to form a believe as to the truth or falsity of the allegations contained in paragraph 17 of Plaintiff's Amended Complaint at Law and therefore neither admits nor denies same but demands strict proof thereof.**

18. On August 8, 2013 BIG LOTS recalled these types of Torches.

**ANSWER:** **Big Lots admits that a recall notice for table top torches was posted on the CPSC website on August 8, 2013.**

## COUNT I
### (Product Liability: Design Defect)

19. At all relevant times herein, BIG LOTS, DESIGNCO, and BUREAU VERITAS were engaged in and responsible for the business of designing, manufacturing, marketing, testing, labeling, selling, distributing, and placing the Torch into the stream of commerce.

**ANSWER:** **Big Lots admits it sold and placed mosaic torches into the stream of commerce. Big Lots admits that DESIGNCO manufactured mosaic torches sold by Big Lots and that Bureau Veritas tested mosaic torches sold by Big Lots. Big Lots denies the remaining allegations contained in paragraph 19 of Plaintiff's Amended Complaint at Law.**

20. When it left the custody and control of BIG LOTS, DESIGNCO, and BUREAU VERITAS, the design of the Torch rendered the Torch both defective and unreasonably dangerous.

**ANSWER:** **Big Lots denies the allegations contained in paragraph 20 of Plaintiff's Amended Complaint at Law.**

21. At all times alleged herein the Torch was in the condition expected and intended by BIG LOTS, DESIGNCO, and BUREAU VERITAS.

**ANSWER:** **Big Lots has insufficient knowledge to form a believe as to the truth or falsity of the allegations contained in paragraph 21 of Plaintiff's Amended Complaint at Law and therefore neither admits nor denies same but demands strict proof thereof.**

22. At all times alleged herein the Torch was being used for its intended and foreseeable purpose, and in the manner anticipated by BIG LOTS, DESIGNCO, and BUREAU VERITAS.

**ANSWER:** **Big Lots has insufficient knowledge to form a believe as to the truth or falsity of the allegations contained in paragraph 22 of Plaintiff's Amended Complaint at Law and therefore neither admits nor denies same but demands strict proof thereof.**

23. There were safer alternative designs for the Torch; the safer alternative designs were economically and technologically feasible and would have prevented or significantly reduced the risk of injuries such as those suffered by MACKENZIE SHRUM.

**ANSWER:** **Big Lots has insufficient knowledge to form a believe as to the truth or falsity of the allegations contained in paragraph 23 of Plaintiff's Amended Complaint at Law and therefore neither admits nor denies same but demands strict proof thereof.**

24. The defective design of the Torch was a proximate cause of MACKENZIE SHRUM's injuries.

**ANSWER:** **Big Lots denies the allegations contained in paragraph 24 of Plaintiff's Amended Complaint at Law.**

## COUNT II
### (Product Liability: Manufacturing Defect)

25. At all relevant times herein, BIG LOTS, DESIGNCO, and BUREAU VERITAS were engaged in and responsible for the business of designing, manufacturing, marketing, testing, labeling, selling, distributing, and placing the Torch into the stream of commerce.

**ANSWER:** **Big Lots admits it sold and placed mosaic torches into the stream of commerce. Big Lots admits that DESIGNCO manufactured mosaic torches sold by Big Lots and that Bureau Veritas tested mosaic torches sold by Big Lots. Big Lots denies the remaining allegations contained in paragraph 25 of Plaintiff's Amended Complaint at Law.**

26. When it left the custody and control of BIG LOTS, DESIGNCO, and BUREAU VERITAS defects in the manufacture of the Torch rendered it defective and unreasonably dangerous.

**ANSWER:** **Big Lots denies the allegations contained in paragraph 26 of Plaintiff's Amended Complaint at Law.**

27. At all times alleged here the Torch was being used for its intended and foreseeable purpose, and in the manner anticipated by BIG LOTS, DESIGNCO, and BUREAU VERITAS.

**ANSWER:** **Big Lots has insufficient knowledge to form a believe as to the truth or falsity of the allegations contained in paragraph 27 of Plaintiff's Amended Complaint at Law and therefore neither admits nor denies same but demands strict proof thereof.**

28. The defective manufacture of the Torch was a proximate cause of MACKENZIE SHRUM's injuries.

**ANSWER:** **Big Lots denies the allegations contained in paragraph 28 of Plaintiff's Amended Complaint at Law.**

## COUNT III
### (Product Liability: Marketing Defect)

29. At all relevant times herein, BIG LOTS, DESIGNCO, and BUREAU VERITAS were engaged in and responsible for the business of designing, manufacturing, marketing, testing, labeling, selling, distributing, and placing the Torch into the stream of commerce.

**ANSWER:** **Big Lots admits it sold and placed mosaic torches into the stream of commerce. Big Lots admits that DESIGNCO manufactured mosaic torches sold by Big Lots and that Bureau Veritas tested mosaic torches sold by Big Lots. Big Lots denies the remaining allegations contained in paragraph 29 of Plaintiff's Amended Complaint at Law.**

30. When it left the custody and control of BIG LOTS, DESIGNCO, and BUREAU VERITAS the Torch was unreasonably dangerous because it contained warnings insufficient to alert consumers and users, such as MACKENZIE SHRUM, of the dangers and risks associated with the use of the Torch.

**ANSWER:** **Big Lots denies the allegations contained in paragraph 30 of Plaintiff's Amended Complaint at Law.**

31. BIG LOTS, DESIGNCO, and BUREAU VERITAS failed to provide adequate warnings of such risks, which were known, or by application of reasonably developed human skill and foresight should have been known. BIG LOTS, DESIGNCO, and BUREAU VERITAS further failed to give adequate instructions to avoid such dangers.

**ANSWER:** **Big Lots denies the allegations contained in paragraph 31 of Plaintiff's Amended Complaint at Law.**

32. BIG LOTS, DESIGNCO, and BUREAU VERITAS' failure to provide adequate warnings and instruction rendered the Torch dangerous to an extent beyond that which would be contemplated by an ordinary user with ordinary knowledge, and to the community at large as to that products' characteristics.

**ANSWER:** **Big Lots denies the allegations contained in paragraph 32 of Plaintiff's Amended Complaint at Law.**

33. The failure of BIG LOTS, DESIGNCO, and BUREAU VERITAS to provide adequate warnings and instructions rendered the Torch unreasonably dangerous as marketed.

**ANSWER:** **Big Lots denies the allegations contained in paragraph 33 of Plaintiff's Amended Complaint at Law.**

34. At all times alleged herein the Torch was being used for its intended and foreseeable purpose, and in the manner anticipated by BIG LOTS, DESIGNCO, and BUREAU VERITAS.

**ANSWER:** **Big Lots has insufficient knowledge to form a believe as to the truth or falsity of the allegations contained in paragraph 34 of Plaintiff's Amended Complaint at Law and therefore neither admits nor denies same but demands strict proof thereof.**

35. The defective marketing of the Torch was a proximate cause of MACKENZIE SHRUM's injuries.

**ANSWER:** **Big Lots denies the allegations contained in paragraph 35 of Plaintiff's Amended Complaint at Law.**

### COUNT IV
### (Breach of Implied Warranty as to Big Lots and Designco)

36. At all relevant times herein, BIG LOTS and DESIGNCO were engaged in and responsible for the business of designing, manufacturing, marketing, labeling, selling, distributing, and placing the Torch into the stream of commerce, were "merchants" within the meaning of the Illinois Uniform Commercial Code (810 ILCS 5/1-101, et al.), and impliedly warranted that the Torch was of merchantable quality and fit for its intended purpose.

**ANSWER:** **Big Lots admits it sold and placed mosaic torches into the stream of commerce. The remaining allegations contained in paragraph 36 of Plaintiff's Amended Complaint at Law assert a legal conclusion and therefore no answer is required. To the extent an answer is required, Big Lots denies the remaining allegations contained in paragraph 36 of Plaintiff's Amended Complaint at Law.**

37. Jarrod Shrum and MACKENZIE SHRUM reasonably relied upon the skill and judgment of BIG LOTS and DESIGNCO as to whether their Torch was of merchantable quality and was safe and fit for its intended, reasonably foreseeable, and/or ordinary use.

**ANSWER:** **Big Lots has insufficient knowledge to form a believe as to the truth or falsity of the allegations contained in paragraph 37 of Plaintiff's Amended Complaint at Law and therefore neither admits nor denies same but demands strict proof thereof.**

38. In breach of the implied warranties made by BIG LOTS and DESIGNCO, the Torch was neither of merchantable quality, nor was it safe nor fit for its intended, reasonably foreseeable, and/or ordinary use.

**ANSWER:** **Big Lots denies the allegations contained in paragraph 38 of Plaintiff's Amended Complaint at Law.**

39. BIG LOTS and DESIGNCO's breach of their implied warranties was a proximate cause of MACKENZIE SHRUM's injuries.

**ANSWER:** **Big Lots denies the allegations contained in paragraph 39 of Plaintiff's Amended Complaint at Law.**

**COUNT V**
**(Negligence)**

40. BIG LOTS, DESIGNCO, and BUREAU VERITAS owed a duty of reasonable care in designing, manufacturing, marketing, testing, labeling, distributing, and selling the Torch and placing the Torch into the stream of commerce.

**ANSWER:** **Big Lots denies the allegations contained in paragraph 40 of Plaintiff's Amended Complaint at Law.**

41. BIG LOTS, DESIGNCO, and BUREAU VERITAS further owed a duty of reasonable care to keep consumers such as MACKENZIE SHRUM safe and prevent injuries such as hers when the Torch was being properly used for its intended purpose.

**ANSWER:** **Big Lots denies the allegations contained in paragraph 41 of Plaintiff's Amended Complaint at Law.**

42. BIG LOTS, DESIGNCO, and BUREAU VERITAS negligently failed the following duties and others, including, but not limited to:

a. Failure to use ordinary care in designing, manufacturing, marketing, testing, labeling, distributing, and selling of the Torch and in placing the Torch into the stream of commerce;

b. Failure to timely remove the Torch from market when they knew or should have known of the defective design, manufacturing, marketing, testing, labeling, distributing, and/or selling of the Torch;

c. Continuing to market, sell and place into the stream of commerce, the Torch when BIG LOTS, DESIGNCO, and BUREAU VERITAS knew or should have known of the likelihood of serious injury to its consumers and users;

d. Failure to include with the Torch proper warnings regarding the significant dangers and risks of use thereof;

e. Failure to adequately monitor and respond to design, manufacturing, and marketing defects associated with the Torch; and

f. Negligently misrepresenting and concealing the risks and dangers associated with the use of the Torch, the misrepresentation and absence of which Jarrod Shrum and MACKENZIE SHRUM relied upon to their detriment.

**ANSWER:** **Big Lots denies the allegations contained in paragraph 42 (a)-(f) of Plaintiff's Amended Complaint at Law.**

43. BIG LOTS, DESIGNCO, and BUREAU VERITAS' acts and omissions rise to the level of *negligence per se,* insofar as they violated the laws of the United States of America and the State of Illinois. In particular, the Torch did not meet the standards imposed by the laws of the United States of America and the State of Illinois or the regulations promulgated to enforce the same, including but not limited to the following:

    a. Fair Packaging and Labeling Act (15 U.S.C. § 1451, et seq.);

    b. Federal Hazardous Substances Act (15 U.S.C. § 1261, et seq.); and

    c. Consumer Protection Safety Act (15 U.S.C. § 2051, et seq.).

**ANSWER:** **Big Lots denies the allegations contained in paragraph 43 of Plaintiff's Amended Complaint at Law.**

44. The importation, distribution, sale, and placement into the stream of commerce of the Torch by BIG LOTS, DESIGNCO, and BUREAU VERITAS, despite the failure of the Torch to pass the requirements of federal and state law (including those set forth in paragraph 43) constitutes negligence *per se.*

**ANSWER:** **Big Lots denies the allegations contained in paragraph 44 of Plaintiff's Amended Complaint at Law.**

45. BIG LOTS, DESIGNCO, and BUREAU VERITAS failed to comply with their requirements under federal and state law to properly test the Torch and improperly certified the Torch as compliant with these laws when it was not, which acts and omissions are a violation of these laws constitute negligence *per se.*

**ANSWER:** **Big Lots denies the allegations contained in paragraph 45 of Plaintiff's Amended Complaint at Law.**

46. BIG LOTS, DESIGNCO, and BUREAU VERITAS' acts and omissions constitute negligence and negligence *per se.*

**ANSWER:** **Big Lots denies the allegations contained in paragraph 46 of Plaintiff's Amended Complaint at Law.**

47. BIG LOTS, DESIGNCO, and BUREAU VERITAS' breach of these duties was a proximate cause of MACKENZIE SHRUM's injuries.

**ANSWER:** **Big Lots denies the allegations contained in paragraph 47 of Plaintiff's Amended Complaint at Law.**

WHEREFORE, the Defendant, BIG LOTS STORES, INC., denies that Plaintiff is entitled to judgment in any amount and requests that the action filed herein against it be dismissed and that it be allowed costs herein expended.

## **AFFIRMATIVE DEFENSES**

Without prejudice to the denials set forth in its Answer, and without admitting any allegations of Plaintiff's Amended Complaint at Law not otherwise specifically admitted, BIG LOTS STORES, INC. ("Big Lots"), sets forth the following Affirmative Defenses to Plaintiff's Amended Complaint at Law:

## **FIRST AFFIRMATIVE DEFENSE**

1. At the time of the events alleged in the Plaintiff's Amended Complaint at Law, Plaintiff had a duty to exercise reasonable case for her own safety.

2. Notwithstanding this duty, Plaintiff was guilty of one or more of the following negligent acts and/or omissions:

   a. Failed to use the product in a safe and reasonable manner;

   b. Otherwise failed to exercise ordinary care for her own safety.

3. As a direct and proximate result of the aforesaid acts and/or omissions on the part of the Plaintiff, Plaintiff was caused to sustain the alleged injuries complained of.

4. If it should be found that the Plaintiff is more than 50% contributorily negligent then Plaintiff's claims should be barred.

5. If it should be found that the Plaintiff is entitled to recover damages from the defendants, and Plaintiff is 50% or less contributorily negligent, said damages should be reduced to the same extent that the Plaintiff's own conduct contributed to cause said damages, through the aforementioned act and/or omission.

WHEREFORE, any verdict in favor of the Plaintiff should be reduced or barred to the same extent the Plaintiff's conduct contributed to the injuries complained of up to and including the total bar of the recovery of any verdict due to the Plaintiff's own negligent.

## SECOND AFFIRMATIVE DEFENSE
Non-Defective Product

The mosaic torch, which allegedly caused injuries or damages to Plaintiff, was reasonably fit for the uses for which it was intended.

## THIRD AFFIRMATIVE DEFENSE
Non-Parties

Plaintiff's injuries resulted from the fault, breach, neglect and actions of third-persons or entities whose acts Big Lots is not responsible for, and not as a result of any fault, breach, negligence, or actions on the part of Big Lots.

## FOURTH AFFIRMATIVE DEFENSE
Alterations

Plaintiff's injuries resulted from repairs, alterations, and/or changes made to the subject product by third-parties after the subject product left the control of Big Lots.

### FIFTH AFFIRMATIVE DEFENSE
State of the Art

The product at issue was in compliance with all federal, state and local codes, standards, regulations, specifications and statutes regarding the manufacture, sale and use of the mosaic torch at all times pertinent to this action.

### SIXTH AFFIRMATIVE DEFENSE
Product Misuse

Based on the factual allegations contained in Plaintiff's Amended Complaint at Law, it appears Plaintiff may have misused the mosaic torch. Plaintiff is not entitled to recovery to the extent any alleged damages or injuries were caused by the misuse, abuse, or failure to properly maintain or care for the product.

### SEVENTH AFFIRMATIVE DEFENSE
Assumption of Risk

At the time and place of the subject accident, Plaintiff knew or should have known the risks existing and willingly and voluntarily assumed the risk of the activities in which Plaintiff engaged, and the manner and use in accomplishing same.

### EIGHTH AFFIRMATIVE DEFENSE
Nonmanufacturing Seller Defense and Indemnity

Section 2-621 of The Code of Civil Procedure provides for dismissal of strict liability claims against other parties, 'distributors' such as Big Lots. Where they were not involved in the manufacture of the product. Further, Section 2-621 provides for dismissal when the manufacturing party has been identified. As such, Big Lots is entitled to dismissal of the strict liability claims in Counts I, II, III and IV.

## NINETH AFFIRMATIVE DEFENSE
Notice of Additional Affirmative Defenses

Big Lots hereby gives notice that it intends to rely upon such affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend its answer to assert such defenses.

## JURY DEMAND

Big Lots demands trial by jury of all issues.

WHEREFORE, Defendant BIG LOTS STORES, INC. demands judgment dismissing the complaint with costs, attorney's fees to the extend reasonable, disbursements and such other and further relief as this Court may deem just and proper.

DATED: July 21, 2014

          Respectfully submitted,

          BIG LOTS STORES, INC.

          By: /s/ Edward P. Gibbons
               One of its Attorneys

Edward P. Gibbons (6201189)
Kyle T. Geiger (6299837)
WALKER WILCOX MATOUSEK LLP
One North Franklin Street - Suite 3200
Chicago, IL 60606
P: 312-244-6700
F: 312-244-6800

**CERTIFICATE OF SERVICE**

      I hereby certify that on **July 21, 2014**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| James P. Ginzkey<br>Ginzkey Law Office<br>221 E. Washington St.<br>Bloomington, IL 61701<br>(309)821-9707 fax: (309)821-9708<br>jim@jimginzkey.com | John E. Thies<br>Kara J. Wade<br>Webber & Thies, P.C.<br>202 Lincoln Square<br>P.O. Box 189<br>Urbana, IL 61803-0189<br>(217) 367-1126 fax: (217) 367-3752<br>jthies@webberthies.com<br>kwade@webberthies.com |
| Alexander Bogdan<br>Eric Blumenfeld<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>(212) 837-6000 fax: (212) 422-4726<br>bogdan@hugheshubbard.com<br>blumenfe@hugheshubbard.com | |

                                        **/s/ Edward P. Gibbons**

                                        Edward P. Gibbons (6201189)
                                        Kyle T. Geiger (6298837)
                                        WALKER WILCOX MATOUSEK LLP
                                        One North Franklin Street - Suite 3200
                                        Chicago, IL 60606
                                        P: 312-244-6700
                                        F: 312-244-6800