E-FILED
Friday, 01 May, 2015  10:47:45 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MACKENZIE SHRUM, a minor, by her father and next friend, Jarrod Shrum | § § § | |
| Plaintiff, | § § | |
| v. | § § § | C.A. No. 3:14-cv-03135-CSB-DGB |
| BIG LOTS STORES, INC., DESIGNCO OVERSEAS PRIVATE LIMITED a/k/a DESIGNCO INDIA d/b/a DESIGNCO, HOC INDUSTRIES, INC., BUREAU VERITAS CONSUMER PRODUCTS SERVICES, INC., and BUREAU VERITAS CONSUMER PRODUCTS SERVICES (INDIA) PVT. LTD., | § § § § § § § § § | |
| Defendants. | § | JURY DEMANDED |

## MOTION TO DISMISS AND MEMORANDUM IN SUPPORT

DESIGNCO OVERSEAS PRIVATE LIMITED a/k/a DESIGNCO INDIA d/b/a DESIGNCO ("Designco") files this Motion to Dismiss the claims that Plaintiff has asserted against Designco in her Amended Complaint and in support hereof shows the Court the following:

### I.   INTRODUCTION

According to the Amended Complaint, this case arises from an incident in which a torch manufactured by Designco exploded resulting in third-degree burns over 40% of Mackenzie Shrum's body.  Plaintiff has brought claims against Designco for Product Liability Design Defect, Product Liability Manufacturing Defect, Marketing Defect, Breach of Implied Warranty, and Negligence. *See* Doc. #3.

566388.1 PLD 0002726 9215 KLS

Plaintiff's claims against Designco should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(2) for lack of personal jurisdiction because Plaintiff cannot show that the assertion of specific jurisdiction or general jurisdiction over Designco would comport with due process. No specific jurisdiction exists because Plaintiff's claims do not arise from Designco's contacts with the state of Illinois. Designco has not had contacts with Illinois for several years. Further the Court has no general jurisdiction over Designco because it has not had contact so constant and pervasive that it would be at home in Illinois. Designco is an Indian company and its contacts with Illinois have fallen well short of what is required for general jurisdiction.

## II. STATEMENT OF FACTS

Designco is a company organized under the laws of India, with its principal place of business in Moradabad, India. *See* Affidavit of Vipul Gupta attached here as Exhibit A, at ¶3. Designco has never been a resident of the State of Illinois or any other State in the United States, and has never been required to maintain a registered agent for service in the State of Illinois or any other State in the United States. *Id.* at ¶4. Designco has not engaged in business in Illinois, in at least the last 5 years. *Id.* at ¶5. Designco does not maintain an office or a place of business in Illinois and does not have any employees, servants, or agents within the State of Illinois. *Id.* at ¶6. Designco has not done any billing or invoicing in the State of Illinois since 2009. *Id.* at ¶7. Designco holds no bank accounts in Illinois. *Id.* at ¶8. Designco does not transact business in the State of Illinois, in at least the last 6 years. *Id.* at ¶9.

Designco does not manufacture, sell or distribute its products in the State of Illinois. *Id.* at ¶10. Designco has not entered into any contracts with Illinois companies. *Id.* at ¶11. Designco has one new order in 2015 from Illinois but it has not been fulfilled, and does not concern torches or lamps. *Id.* Designco has not recruited any Illinois residents, directly or

through an intermediary located in the State of Illinois, for employment inside or outside the State of Illinois. *Id.* at ¶12. Designco does not own any real property in the State of Illinois. *Id.* at ¶13. Designco does not advertise in the State of Illinois. *Id.* at ¶14. Designco does not market to nationally distributed magazines or newspapers. *Id.* at ¶15. It does not direct any TV or radio advertisements to the State of Illinois. *Id.* Designco did not manufacture, sell or ship products to Illinois, in at least the last 6 years. *Id.* at ¶16. Designco does not have any business customers in the State of Illinois whom have received products, in at least the last 6 years. *Id.* at ¶17. With the exception of the unfulfilled 2015 orders, Designco had no contractual relationship with businesses or people in Illinois, in at least the last 6 years and not at the time of the incident which forms the basis of this suit. *Id.* at ¶18.

Designco has had no contact with the Plaintiffs, Mackenzie Shrum, a minor, by her father and next friend, Jarrod Shrum, or anyone related to the family. *Id.* at ¶19.

### III. ARGUMENT AND AUTHORITIES

As this Court stated in its opinion of December 8, 2014, dismissing claims against former Defendant Bureau Veritas Consumer Products Services, Inc., for lack of personal jurisdiction pursuant to Rule 12(b)(2)[1]:

A motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure challenges whether it is consistent with due process for a court to assert personal jurisdiction over a defendant. *See* Fed. R. Civ. P. 12(b)(2). A complaint does not need to include facts demonstrating personal jurisdiction; however, when a defendant challenges personal jurisdiction, the plaintiff bears the burden of proving that it exists. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (citations omitted). Where, as here, a

---

[1] *Shrum v. Big Lots Stores, Inc.*, 2014 U.S. Dist. LEXIS 169113, 6-8 (C.D. Ill. Dec. 8, 2014). For the sake of brevity, quotations are omitted throughout.

determination of jurisdiction is based on the submission of written materials instead of an evidentiary hearing, a plaintiff "need only make out a prima facie case of personal jurisdiction." *Id.* (citations and internal quotation marks omitted); *see also N. Grain Mktg., LLC v. Greving,* 743 F.3d 487, 491 (7th Cir. 2014). In determining whether the plaintiff has satisfied this standard, a court must resolve all relevant factual disputes in the plaintiff's favor and "read the complaint liberally, in its entirety, and with every inference drawn in favor" of the plaintiff. *N. Grain Mktg.,* 743 F.3d at 491 (citations omitted); *Cent. States, Se. and Sw. Areas Pension Fund v. Phencorp Reinsurance Co., Inc.,* 440 F.3d 870, 878 (7th Cir. 2006) (citations and internal quotation marks omitted). A court may, however, "accept as true those facts presented in defendant's affidavit that remain uncontested." *Crawley v. Marriott Hotels, Inc.,* No. 05-CV-05805, 2006 U.S. Dist. LEXIS 55769, 2006 WL 2331143, at *1 (N.D. Ill. Aug. 10, 2006) (citing *Purdue,* 338 F.3d at 783; *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1275 (7th Cir. 1997)).

In a diversity-jurisdiction case such as this, a court will have personal jurisdiction over a defendant if the plaintiff files a waiver of service or serves summons on a defendant and "the defendant is subject to the jurisdiction of a court . . . in the state where the district court is located—here, Illinois." *N. Grain Mktg.,* 743 F.3d at 491 (citing Fed. R. Civ. P. 4(k)(1)(A)).

Designco does not contest service in this matter. However, Designco is not subject to personal jurisdiction in Illinois.

As with BVCPS, in order to determine whether Designco would be subject to the jurisdiction of Illinois courts, the Court must first turn to Illinois' long-arm statute. The Illinois long-arm statute permits its courts to exercise jurisdiction for any reason permitted by the Illinois and United States Constitutions. 735 Ill. Comp. Stat. 5/2-209 (a)(2), (b)(4), (c) (West 2014). Because of this, the due process requirements and the Illinois long-arm statute are coextensive.

*Madison Miracle Prods., LLC v. MGM Distribution Co.,* 2012 IL App (1st) 112334, 978 N.E.2d 654, 668, 365 Ill. Dec. 399 (Ill. App. Ct. 2012). Therefore, Illinois' long-arm statute will be satisfied when due process concerns are satisfied. *Id.*

The Illinois and Federal Constitutions' due process guarantees "are not necessarily coextensive." *KM Enters., Inc. v. Global Traffic Techs., Inc.,* 725 F.3d 718, 732 (7th Cir. 2013). To the extent that the tests diverge, "the Illinois constitutional standard is likely more restrictive than its federal counterpart." *Id.* Consequently, if a defendant is not subject to personal jurisdiction under the federal constitutional standard, a court "need not worry whether jurisdiction is also proper under the Illinois Constitution." *Id.* At a minimum, jurisdiction over Designco does not comport with Federal due process requirements.

A. SPECIFIC JURISDICTION

A court may exercise specific jurisdiction consistent with due process when the plaintiff establishes two requirements (1) that "the alleged injury arises out of the defendant's forum-related activities"; and (2) that "the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state." *Northern Grain Mktg.,* 743 F.3d at 492. These will be addressed below.

1. Plaintiff's alleged injury does not arise from Designco's contacts with Illinois.

As noted above, Plaintiff's claims against Designco do not arise from Designco's contacts with the forum state of Illinois. Aside from a few recent orders, Designco has not done business in Illinois in 6 years. Unlike BVCPS who has been dismissed pursuant to Rule 12(b)(2), Designco had no contacts with the state of Illinois, let alone contacts specific to this action. As noted by this Court in its December 8, 2014, Order: a defendant's contacts with a forum state are not all relevant to determining whether a plaintiff's claims relate to or arise out of

a defendant's contacts; only those contacts that "bear on the substantive legal dispute between the parties or relate to the operative facts of the case" are relevant. *GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1024 (7th Cir. 2009); *see also uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 429 (7th Cir. 2010); *RAR*, 107 F.3d at 1277-78. Thus, the plaintiff's cause of action "must directly arise out of the specific contacts between the defendant and the forum state." *GCIU*, 565 F.3d at 1024 (emphasis in original) (citation and internal quotation marks omitted).

Plaintiff's only allegation regarding contacts with Illinois comprise the statement that Designco "does business in a systematic and continuous manner throughout the State of Illinois and the Central District of Illinois." *See* Doc. 3 at ¶4. However, that is not true. As noted above, Designco has not had contacts with Illinois in 6 years. Such contact is hardly systematic or continuous.

Further, Plaintiff states that Designco supplies "countless items consumed throughout Illinois," and that Designco's products are "supplied to and sold by retailers across the nation." *See Id.* at ¶9. Again, this does not result in personal jurisdiction to the extent that Designco has not had any contacts, related to the product at issue or otherwise, in the previous 6 years.

As Designco has not had contacts with the forum state in over 6 years and there are no contacts with the forum state specific to Plaintiff's claims, Plaintiff cannot meet this required factor for specific jurisdiction.

2. Designco has not purposefully directed its activities to Illinois or purposefully availed itself of the privilege of conducting business there.

Further, even if Designco had contacts with Illinois, it has not specifically directed its activities to Illinois. As the Court stated in its December 8, 2014, Opinion: due process requires that a "defendant's suit-related conduct" create a sufficiently "substantial connection with the

forum State" that it is "reasonable for the defendant to anticipate that he could be haled into court there." *Walden*, 134 S. Ct. at 1121; *N. Grain Mktg.*, 743 F.3d at 492 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). For there to be a "substantial connection," the relationship between the defendant and the forum State "must arise out of contacts that the defendant himself creates." *Walden,* 134 S. Ct. at 1122 (emphasis in original) (quoting *Burger King,* 471 U.S. at 475) (internal quotation marks omitted). Accordingly, contacts between a forum state and a third party or plaintiff—no matter how significant—cannot satisfy minimum contacts. *Walden*, 134 S. Ct. at 1122 (quoting *Rush v. Savchuk,* 444 U.S. 320, 332, 100 S. Ct. 571, 62 L. Ed. 2d 516 (1980)); *see Helicopteros Nacionales de Colombia, S. A. v. Hall,* 466 U.S. 408, 417, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984); *World-Wide Volkswagen Corp.,* 444 U.S. 286, 298, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980); *Hanson v. Denckla,* 357 U.S. 235, 253-54, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958).

Moreover, "'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." *World-Wide Volkswagen*, 444 U.S. at 295. In products liability cases, "it is the defendant's purposeful availment that makes jurisdiction consistent with 'traditional notions of fair play and substantial justice,'" and, "as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787-88, 180 L. Ed. 2d 765 (2011). When, as in World-Wide Volkswagen, products end up in a state due to "the 'unilateral activity' of a third party, rather than the defendant's distribution scheme," the scenario will doom the plaintiff's case. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 551 (7th Cir. 2004) (citations omitted).

Designco has no distribution scheme involving Illinois. It does not direct product to Illinois. *See* Exhibit A at ¶¶ 10 and 17. Rather, Designco distributed the subject torch to Big

Lots.  It did not have control over where or even if the torches would be distributed or sold in Illinois.  Like BVCPS, Designco had no control over this and could not have foreseen that the torches would end up in Illinois.  Therefore, like BVCPS, Designco did not purposefully direct its suit-related conduct to Illinois or purposefully avail itself of the privilege of conducting business in Illinois.

## B.  GENERAL JURISDICTION

Likewise, the Court does not have general jurisdiction over Designco.  As the Court stated in its December 8, 2014, Order, the general jurisdiction threshold is "high" and "'considerably more stringent' than that required for specific jurisdiction." *Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012) (*quoting Purdue*, 338 F.3d at 787); *Tamburo*, 601 F.3d at 701. Defendants are subject to general jurisdiction—and can therefore be haled into court for any action, even one unrelated to a defendant's contacts with a forum state—if their contacts with a state are sufficiently "'continuous and systematic' as to render [them] essentially at home in the forum State." *Goodyear*, 131 S. Ct. at 2851 (citations omitted); *N. Grain Mktg.*, 743 F.3d at 492 (citations omitted); *see also Daimler*, 134 S. Ct. at 751.  This inquiry is not analogous to determining whether a defendant's "in-forum contacts can be said to be in some sense 'continuous and systematic.'" *Daimler*, 134 S. Ct. at 761 (emphasis added) (citations omitted). While a business is deemed at home in its place of incorporation and principal place of business, beyond these locations, "contacts must be sufficiently extensive and pervasive to approximate physical presence." *Abelesz*, 692 F.3d at 654 (citing Goodyear, 131 S. Ct. at 2853-54); *Tamburo*, 601 F.3d at 701 (citations omitted).  However, even physical presence may not be sufficient to exercise personal jurisdiction over corporations because "the general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts." *Daimler*, 134 S. Ct. at

762 & n.20.  Rather, a court must assess a corporation's entire activities—nationwide and worldwide—and cannot deem a corporation to be "at home" in every place they operate.  *Id.*  To be sure, mere "isolated or sporadic contacts" or maintaining a public website certainly cannot, without more, establish general jurisdiction.  *Tamburo*, 601 F.3d at 701 (citations omitted).

Unlike BVCPS, Designco's contacts are not extensive and deliberate.  *Shrum v. Big Lots Stores, Inc.*, 2014 U.S. Dist. LEXIS 169113 at 19 (C.D. Ill. Dec. 8, 2014).  It is not incorporated in Illinois.  It has not engaged in business in Illinois in at least the last 5 years.  It has no employees, servants, or agents within Illinois.  It holds no bank accounts or real property in Illinois.  It does not manufacture, sell or distribute its related products in the State of Illinois.  It doesn't advertise or otherwise avail itself of the jurisdiction of Illinois courts.  Designco's extremely limited and infrequent contacts with Illinois do not give rise to general jurisdiction.  *Abelesz*, 692 F.3d at 654.

## C.  ILLINOIS LONG-ARM STATUTE

As noted by the Court in its December 8, 2014, Opinion, the Illinois and Federal Constitutions' due process guarantees "are not necessarily coextensive."  *KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 732 (7th Cir. 2013).  To the extent that the tests diverge, "the Illinois constitutional standard is likely more restrictive than its federal counterpart."  *Id.*  Consequently, if a defendant is not subject to personal jurisdiction under the federal constitutional standard, a court "need not worry whether jurisdiction is also proper under the Illinois Constitution."  *Id.*  At a minimum, as noted above, jurisdiction over Designco does not comport with Federal due process requirements and therefore does not comport with the Illinois long arm statute.

## IV. CONCLUSION

Based on the foregoing, Designco respectfully requests that the Court dismiss all claims against it in this matter pursuant to Fed. R. Civ. P. 12(b)(2), and for such other and further relief the Court deems appropriate.

Dated:  May 1, 2015

Respectfully submitted,

**JOHNSON & BELL**

/s/ Kevin G. Owens

Kevin G. Owens
Bar No.   06185926
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603-5404
Tel: (312) 372-0770
Fax: (312) 372-9818
Email:  owensk@jbltd.com
**ATTORNEYS FOR DEFENDANT
DESIGNCO OVERSEAS PRIVATE LIMITED
A/K/A DESIGNCO INDIA D/B/A DESIGNCO**

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and correct copy of the foregoing document was forwarded to the following parties on this 1st day of May, 2015, via CM/ECF, hand delivery, overnight courier, U.S. Mail, certified mail, return receipt request, or facsimile, pursuant to the Federal Rules of Civil Procedure:

**Attorney for Plaintiff Mackenzie Shrum**
James P Ginzkey
GINZKEY LAW OFFICE
221 E Washington St
Bloomington, IL 61701
jim@jimginzkey.com

**Attorney for Defendant HOC Industries, Inc.**
Jonathan T Barton
SANDBERG PHOENIX & VON GONTARD PC
15th Floor
600 Washington Ave
St Louis, MO 63101-1313
jbarton@sandbergphoenix.com

**Attorney for Defendant Big Lot Stores, Inc.**
Kyle Taylor Geiger
Edward P Gibbons
WALKER WILCOX MATOUSEK LLP
Suite 3200
1 North Franklin Street
Chicago, IL 60606
312-244-6700
312-244-6800 (fax)
kgeiger@wwmlawyers.com
egibbons@wwmlawyers.com

/s/ Kevin G. Owens
Kevin G. Owens